# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2025

Lyle W. Cayce
Clerk

No. 24-40212

Jay W. Balentine; Lisa M. Balentine,

*Plaintiffs—Appellants*,

*versus*

United States of America,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:23-CV-94

_____

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jay and Lisa Balentine[1] failed to timely file their joint tax return for 2017. In light of that failure, the IRS—relying on data submitted by third parties—estimated Jay's 2017 income. As part of this calculation, it added up (among other things) the income distributed to Jay by several partnerships. However, according to the Balentines, the IRS did not

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Because they have the same last name, we will refer to them individually by their first names and together as the Balentines.

subtract from its estimate losses they said were reported and distributed to Jay. It then assessed to Jay a penalty of ~$1.2 million.[2]

Roughly six months after the assessment issued, the Balentines filed a joint tax return for 2017. Importantly to this case, the Balentines calculated their income very differently than the IRS had: they included those argued reported losses and claimed that they *overpaid* their federal taxes in 2017 by hundreds of thousands of dollars.[3]

The Balentines sued for recovery of their allegedly overpaid federal income taxes for 2017. The United States moved to dismiss, arguing that the lawsuit was premature: the Balentines have yet to pay the IRS's assessment. In support, the United States cited the Supreme Court's decision in *Flora v. United States*, 362 U.S. 145, 146 (1960), which requires litigants to pay an assessment in full before suing for a refund. The district court granted the motion. We now conduct a de novo review. *See Boudreaux v. La. State Bar Ass'n*, 3 F.4th 748, 753 (5th Cir. 2021).

On appeal, the Balentines argue that *Flora* presents no jurisdictional hurdle because they have fully paid the assessment—once the IRS honors their 2017 tax return, they will owe $0 in liability. Thus, they argue that because their claimed refund wipes away the penalty entirely, they are

---

[2] Since the assessment of the ~$1.2 million penalty, the IRS has honored refunds it agrees are owed to the Balentines from over the years. It has applied these refunds as credits against the assessment. As a result, at the time of this appeal, the penalty figure had dropped to $482,009.56. That amount has still not been paid.

[3] The United States concedes that those alleged reported losses might reduce the assessed penalty. However, it maintains that even if a partner received a reported loss that does not necessarily entitle him to deduct it from his income. Thus, the United States argues that whether the IRS should have subtracted the claimed reported losses is a merits question at the heart of the refund suit.

categorically different than the plaintiff in *Flora*, who alleged a refund far smaller than the assessed penalty.  *See Flora*, 362 U.S. at 147.

The Balentines' argument improperly addresses the merits of their refund claim.  But the law requires that we determine jurisdiction first, and, if jurisdiction is lacking, we do not reach the merits.  *See, e.g.*, *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998); *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 277 (5th Cir. 2011).

*Flora* establishes a bright-line rule: pay first, litigate second.  362 U.S. at 168, 176.  Following the Balentines' argument would erase the line the Supreme Court established, and we cannot ignore Supreme Court precedent. We thus conclude that *Flora* is contrary to the Balentines' argument.

Accordingly, we AFFIRM the district court's order dismissing this case for lack of subject matter jurisdiction.